IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED
2005 JAN 11  P 1:03
U.S. DISTRICT COURT
NEW HAVEN, CT

| | | |
|---|---|---|
| DANVIL DAVIS, Reg. No. 14904-014<br>Federal Correctional Institution – Camp<br>Fort Dix, New Jersey | : | |
| Defendant, | : | |
| v. | : | DOCKET NO. 3:02-cr-00275-JCH |
| UNITED STATES OF AMERICA | : | |

**MOVANT'S MEMORANDUM IN AID OF DETERMINATION UNDER RULE 4(b), FED.R.GOV. § 2255 PROC.**

An inmate serving a 108-month sentence at the Fort Dix Federal Correctional Institution-Camp stemming from a judgment of conviction entered by this Honorable Court, Danvil Davis has today filed a motion under 28 U.S.C. § 2255, seeking a new sentencing hearing of limited scope on the grounds of his trial counsel's constitutionally deficient performance. In particular, Mr. Davis challenges his trial counsel's failure to move, on his behalf, for downward departures as both to the government's handling of its investigation, which resulted in a near ten-fold increase in his ultimate sentencing exposure, and to Movant's longstanding gambling problems. This memorandum is submitted in aid of the Court's preliminary consideration of the motion under Rule 4(b) of the Rules Governing Section 2255 Cases in the United States District Courts (Dec. 2004). For the reasons set forth herein, Mr. Davis respectfully submits that the record does not conclusively show he is entitled to no relief on his claims. 28 U.S.C. § 2255 (para. 2); Fontaine v. United States, 411 U.S. 213, 215 (1973) (per curiam). Accordingly, an answer from the government, and any other action that the Court deems proper, is requested.

*Ripeness*

In accordance with Rule 2 of the Rules Governing Section 2255 Cases, Mr. Davis's has attempted to frame his motion in a manner consistent with the standard form (AO 243) (available at http://www.uscourts.gov/ forms/ao243.pdf), as amended in December 2004. Among the questions to which that form seeks a response is whether a movant has raised his claim previously, either on direct appeal or through another motion or petition. Although litigants in the federal courts are not customarily obliged to list their responses to potential defenses against causes of action that they seek to bring, Mr. Davis understands the § 2255 form's line of inquiry to represent an effort to vet pro se motions of claims that may be procedurally barred, such as those that could have been, but were not, raised on direct appeal. See e.g., Reed v. Farley, 512 U.S. 339, 354 (1994); Marone v. United States, 10 F.3d 65, 67 (2d Cir. 1993) (per curiam). For purposes of Mr. Davis's petition, however, it is well recognized that no procedural default exists for claims of ineffective assistance not raised on direct appeal. Massaro v. United States, 538 U.S. 500, 504-05 (2003), accord United States v. Dominguez Benitez, 124 S.Ct. 2333, 2340 n.9 (2004); United States v. Cimino, 381 F.3d 124, 129-30 (2d Cir. 2004) ("counsel's tactical decisions are best evaluated by the district court in the first instance").

In this vein of confronting defenses before they are declared, prudence dictates that Mr. Davis inform the Court that the plea agreement he signed on September 19, 2003 [Docket #15] contains language suggesting waiver of both a direct appeal and collateral attack, including one brought pursuant to 28 U.S.C. § 2255. See generally USDOJ, Plea Agreements and Sentencing Appeal Waivers — Discussion of the Law, 9 United States Attorneys' Manual: Criminal Resource Manual 626 (available at http://www.usdoj.gov/usao/eousa/foia_reading _room/usam/title9/crm00626.htm). Anticipating the government's reliance on this provision

2

should an answer to Mr. Davis's motion be ordered, the following points are submitted for the Court's preliminary review.

First, like any criminal defendant, Mr. Davis was constitutionally entitled to effective legal representation at every stage of the above-captioned prosecution. U.S. Const. amend. VI; see Alabama v. Shelton, 535 U.S. 654 (2002); Strickland v. Washington, 466 U.S. 668, 687 (1984). He was also entitled to conflict-free representation. United States v. Rogers, 209 F.3d 139, 143 (2d Cir.2000). Thus, in reviewing the government's written plea agreement with Mr. Davis, trial counsel was placed in the untenable position of having to render advice concerning the quality of his own representation of the defendant, or waiver of future claims related thereto. No defense attorney, not even one as experienced as Mr. Davis's trial counsel, could validly advise a client about the proposed waiver given the intrinsic conflict of interest that necessarily permeates such a discussion. In short, Danvil Davis was at least functionally without counsel, contrary to the protections of the Sixth Amendment, as to that portion of the plea agreement seeking waiver of his right to bring an ineffective assistance of counsel claim under 28 U.S.C. § 2255, thereby rendering that portion of the agreement unenforceable.

Second, a defendant may be able to waive certain constitutional rights, including those involving pursuit of a direct appeal or other post conviction relief. See Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001) (per curiam); but see United States v. Attar, 38 F.3d 727, 732 (4th Cir.1994) (permitting § 2255 review of attorney's post-plea performance despite express waiver). However, waivers are to be construed "narrowly" and "strictly against the government." United States v. Ready, 82 F.3d 551, 556, 559 (2d Cir. 1996). And, to be valid, a waiver must be fully understood and voluntary when made, as determined by the trial court. United States v. Tang, 214 F.3d 365, 368 (2d Cir. 2000).

Respectfully, the transcript of the September 19 plea colloquy [Docket #33] shows that the Court did not inquire of Mr. Davis with regard to the nature and extent of his understanding of the "collateral attack" waiver to which the government sought to subject him through the plea agreement. See Fed. R. Crim. P. 11. Specifically, although the Court did question Mr. Davis regarding his understanding of the waiver of the right "to take an appeal," September 19, 2003 Change of Plea Transcript ("9/19 Tr.") at 11-12, the issue of waiving the right to "seek collateral attack" was not raised until some time later in the hearing, and then by the government. Furthermore, it was Mr. Davis's trial counsel, not the Movant himself, who conveyed an understanding of the implication of the waiver; Mr. Davis responded only to the Court's query concerning the parties' passing statements.

> AUSA: ...There is a caveat, to the extent that if the Court were to sentence the defendant within the range that both counsel and I have believed to be the correct sentencing range; that is, if the Court not exceed 135 months ... that Mr. Davis agrees not to appeal the sentence or to seek collateral attack.
>
> COUNSEL: That's correct, Your Honor.
>
> COURT: Oh, all right. That should be on the record. Thank you. I had missed that.
>
> COUNSEL: Right, and Mr. Davis is well aware of that.
>
> COURT: All right. So, Mr. Davis, is there anything that [trial counsel] or [the AUSA] has just said that -- in describing the agreement, that's different from what you had understood?
>
> DAVIS: No, Your Honor.
>
> COURT: No, All right. Great.

9/19 Tr. at 24. The foregoing clearly shows the inadequacy of the collateral attack inquiry. Should any questions exist, however, further development of the record is called for. See Johnson v. Zerbst, 304 U.S. 458, 464 (1938) (whether defendant made an "intentional

4

relinquishment or abandonment of a known right" to be determined upon the particular facts and circumstances surrounding each case).

*Development of the Record*

By their very nature, ineffective assistance of counsel claims typically require development of the factual record. Massaro, supra. The record in this case strongly suggests the Court's unease with Mr. Davis's undisputed lack of criminal history and the government's failure to arrest him early(ier) in its investigation. See December 8, 2003 Sentencing Transcript ("12/8 Tr.") at 14 ("Tell me why the government does more than the first buy ... Why do you send the CI back the second, third and fourth time?"), 40 ("Is that the CI that's the cause of the multiple sales?"), 42 ("... It seems a little inconsistent. It's possible. It does strike me as odd."), 44 ("Obviously I'm asking questions neither of you (attorneys) seemed to have trouble with, but I don't know what --"), and 46 ("The fact someone commits the crime doesn't mean it can't be entrapment, right ..."). Absent from the record, though, is a sustainable explanation as to why trial counsel did not advance the issue of sentencing entrapment/manipulation either through the defendant's sentencing memorandum, or when faced with the Court's apparent interest. Compare 12/8 Tr. at 48-49 with United States v. Gomez, 103 F.3d 249, 256 (2d Cir.1997) (sentencing manipulation exists where "government engages in improper conduct that has the effect of increasing the defendant's sentence"); United States v. Knecht, 55 F.3d 54, 57 (2d Cir.1995) (sentencing entrapment), United States v. McClelland, 72 F.3d 717, 725 (9th Cir. 1995), cert. denied, 517 U.S. 1148 (1996) (same).

A verified investigation into the instant matter also shows that Mr. Davis suffered from a serious gambling problem in the years leading up to, and including, his offense conduct, and potentially dating back to adolescence. Both the Movant and his family made mention of this

problem. § 2255 Motion at para. 13-14. However, trial counsel failed to present the issue for the Court's attention even though it offers an appropriate basis for downward departure. See e.g., United States v. Sadolsky, 234 F.3d 938, 942-43 (6th Cir. 2000) (upholding compulsive gambling departure even where offense of conviction not motivated by compulsion).

For these and other reasons, the record as constituted is lacking and merits development consistent with the Court's recognized authority. Pursuant to Rule 4(b), the Court should issue an order that the Clerk serve a copy of the § 2255 motion on the United States, and that government file an answer to Mr. Davis's motion to vacate sentence.

Dated January 11, 2005                  Respectfully submitted,
                                        THE PETITIONER


                                By:     TODD BUSSERT, CT24328
                                        103 Whitney Avenue, Suite 4
                                        New Haven, CT 06510-1229
                                        (203) 495-9790; Fax: (203) 495-9795
                                        tbussert@bussertlaw.com


                                        Attorney for Movant

6